USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN DIAZ, on behalf of himself and all others similarly situated,

                Plaintiffs,

    v.

3.1 PHILLIP LIM, LLC.

                Defendant.

SO ORDERED.
Dated: December 6, 2018
      New York, New York

18 CV 9250 (LGS)

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff, Edwin Diaz ("Plaintiff") and Defendant, 3.1 Phillip Lim, LLC. ("Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties") for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 - 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On October 9, 2018, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendant. The Plaintiff alleged that those U.S. portions of the website directed at consumers which can be accessed by U.S. based consumers through the use of the domain name http://www.31philliplim.com (the "Website" as further defined in Paragraph 14), contains barriers that prevent full and equal use by blind persons, in

violation of Title III of the ADA, 42 U.S.C. §§ 12181–12189, the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state or local Law, including the ADA, NYSHRL, NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant docs not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from such allegations [ECF No. 1].

6. This Consent Decree is entered into by the Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates, or contracts to have operated, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this putative class action lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint. In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## DEFINITIONS

11. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13. "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and, with respect to Defendant's Website (as defined below), shall mean commercially reasonable efforts to improve the existing level of accessibility of the Website so as to achieve substantial conformity with Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.0 Level AA Success Criteria (as defined therein) ("WCAG 2.0 AA"). Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 18 and 20 through 25 of this Consent Decree.

Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Website - as though it is a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto; or which could result in a loss of revenue or traffic on its Website related operations.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and purchase products on-line for delivery to their homes or places of business in some geographic areas. "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated or controlled by Defendant but that are linked from or to Website or its mobile applications.

15. Third-Party Content means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

**TERM**

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) eighteen (18) months from the Effective Date; or (b) the date, if any, that the regulations arc adopted in the Department of Justice's anticipated proposed regulations for websites under Title III of the ADA.

**COMPLIANCE WITH TITLE III OF THE ADA**

17.     **Web Accessibility Conformance Timeline**: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website as set forth in paragraph 13 hereof and with such improvement to be completed no later than eighteen (18) months from the Effective Date (the "Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period").  Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.0 AA.

18.     **Plaintiff's Right to Conduct Compliance Audit**:  Plaintiff (through Plaintiff's counsel) shall have the right to perform, at his own cost, his own accessibility testing of the Website.  Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the Modification Period to identify to Defendant in writing any ways in which he reasonably believes and contends that Defendant has not substantially complied with its obligations under paragraphs 13 and 17. Such written notice shall specify in detail the alleged breach and the reason why Plaintiff believes that Defendant has not substantially complied with its obligations under paragraphs 13 and 17.  If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Website.  If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under paragraphs 13 and 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that the Plaintiff acknowledges and waives any and

all rights that she may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

## SPECIFIC RELIEF TO PLAINTIFF

19. **Specific Relief**: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters through a separate confidential settlement agreement, which is not a part of this Consent Decree (the "Settlement Agreement").

## PROCEDURES IN THE EVENT OF DISPUTES

20. The procedures set forth in Paragraphs 18 and 20 through 25 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

21. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a brief statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

22. Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 21, the non-initiating Party shall respond to the initiating Party in writing.

23. Within fourteen (14) days after the response described in Paragraph 22, the Parties shall informally meet and confer by telephone or in person and attempt to resolve the issues raised in the Notice.

24. If the issue remains unresolved within thirty (30) days of the meet and confer referenced in Paragraph 23, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency") can adequately utilize the Website.

25. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a Visual Impairment who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

26. Any of the time periods set forth in Paragraphs 22 through 25 may be extended by mutual agreement of the Parties.

27. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:

>Joseph H. Mizrahi, Esq.
>COHEN & MIZRAHI LLP
>300 Cadman Plaza West, 12th Fl.
>Brooklyn, New York 11201
>E-mail: joseph@cml.legal
>Phone:  (929) 575-4175

To Defendant:

>Adam Michaels, Esq.
>HAND BALDACHIN & ASSOCIATES, LLP
>8 West 40th Street, 12th Floor
>New York, New York 10018
>E-mail: amichaels@hballp.com
>Phone: (212) 956-9500

## MODIFICATION

28. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

29. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

30. Except for the Settlement Agreement, this Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described and addressed herein, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

31. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

32. This Consent Decree shall be binding on the Parties and their successors and assigns. In the event that the Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

33. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any persons who seek to access the Website, which persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein.

34. The Plaintiff and the Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation

hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

35. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

**CONSENT DECREE HAS BEEN READ**

36. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**EDWIN DIAZ**

Dated: November 5, 2018      By: _____
                                  Edwin Diaz, Individually

**3.1 PHILLIP LIM, LLC**

Dated: _____   By: _____
                                 Its: _____

hold.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

35.     The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## **CONSENT DECREE HAS BEEN READ**

36.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties.  This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**EDWIN DIAZ**

Dated: _____    By: _____
                                      Edwin Diaz, Individually

**3.1 PHILLIP LIM, LLC**

Dated: 12/5/18                    By: _____
                                  Its: Director of E-commerce

APPROVED AS TO FORM AND CONTENT

**COHEN & MIZRAHI LLP**

Dated: 12-5-2018     By: _____

Joseph H. Mizrahi
300 Cadman Plaza West, 12th Fl.
Brooklyn, New York 11201
Attorneys for Plaintiff

**HAND BALDACHIN & ASSOCIATES LLP**

Dated: 12/5/2018     By: _____

Adam B. Michaels
8 West 40th Street, 12th Floor
New York, New York 10018
Attorneys for Defendant